Filed 2/22/22  P. v. Williams CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B310260 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 0PH06161) |
| v. | |
| BRIAND WILLIAMS, | **ORDER MODIFYING OPINION** |
| Defendant and Appellant. | |

BY THE COURT:

It is ordered that the opinion filed herein on February 18, 2022, is modified as follows:

On the caption page, delete case number 0PH6161 and replace it with 0PH06161.

There is no change in judgment.

RUBIN, P. J.            BAKER, J.            MOOR, J.

Filed 2/18/22  P. v. Williams CA2/5 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B310260 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 0PH06161) |
| v. | |
| BRIAND WILLIAMS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Robert M. Kawahara, Commissioner.  Affirmed.

William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On June 3, 2018, defendant was released on parole. On October 8, 2020, a petition was filed to revoke his parole, alleging violation of multiple conditions of parole. Following a hearing before a commissioner acting as temporary judge, parole was revoked and reinstated. Defendant appeals.

On July 6, 2021, defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). The brief included a declaration from counsel to defendant, explaining the brief that counsel was filing, and informing defendant of his right to file a supplemental brief. On December 30, 2021, defendant filed a supplemental brief, in which he argued that he had not stipulated to the commissioner. On January 26, 2022, defendant submitted an amended supplemental brief making similar arguments.[1]

We have examined the entire record and are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*Wende, supra,* 25 Cal.3d 436.)

Nor did defendant's supplemental brief raise an arguable issue. Commissioners may be appointed to preside over parole revocation hearings. (Gov. Code, § 71622.5, subd. (c)(1)(C).) However, revoking parole and committing a defendant to jail for violation of parole are not subordinate judicial duties that may be performed by constitutionally by a commissioner in the absence of a stipulation by the parties. (*People v. Berch* (2018) 29 Cal.App.5th 966, 969 [defendant had objected to the

---

[1] Defendant's supplemental brief also renewed a previous request to replace his current appointed counsel with new appointed counsel, on the basis that counsel should have pursued the argument that the commissioner lacked authority. We again deny the motion to replace counsel.

commissioner before hearing].)[2]  Here, by participating in the hearing before the commissioner with no objection, defendant, who was represented by counsel at the hearing, impliedly stipulated to the commissioner acting as temporary judge.  (*In re Horton* (1991) 54 Cal.3d 82, 86, 91-93 [commissioner may preside over capital murder trial when defense counsel knew judicial officer was a commissioner and did not object].  See *In re Mark L.* (1983) 34 Cal.3d 171, 178, 179, fn. 6 ["Under the 'tantamount stipulation' doctrine, the parties confer judicial power not because they thought in those terms; had they done so, the stipulation presumably would be express.  Rather, an *implied* stipulation arises from the parties' common intent that the subordinate officer hearing their case do things which, in fact, can only be done by a judge."].)

## *DISPOSITION*

The order revoking parole is affirmed.[3]


RUBIN, P. J.

WE CONCUR:


BAKER, J.                                    MOOR, J.

---

[2]        California Constitution, Art, 6, § 22, provides:  "The Legislature may provide for the appointment by trial courts of record of officers such as commissioners to perform subordinate judicial duties."

[3]        Defendant has a separate habeas petition pending under a different case number.  (*Williams v. Superior Court*, No. B317822.)  We express no opinion on the merits of this petition.